**Michael KALSSON, Plaintiff,**

v.

**UNITED STATES FEDERAL ELECTION COMMISSION, et ano., Defendants.**

**No. 04 Civ. 6984(LAK).**

United States District Court, S.D. New York.

Feb. 16, 2005.

---

Todd C. Bank, for Plaintiff.

Ramon E. Reyes, Assistant United States Attorney, David N. Kelley, United States Attorney, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff here seeks a declaration that the National Voter Registration Act of 1993 (the "NVRA")[1] is unconstitutional on the theories that its enactment is not within the enumerated powers of the federal government and that it violates Article II of the United States Constitution. Defendants move to dismiss for lack of standing and on the ground that the NVRA is a permissible exercise of Congress' constitutional power to regulate elections.[2]

## I

### A. The NVRA

The NVRA requires each covered state,[3] in addition to any other procedures it uses for voter registration, to register voters for elections for federal office by: (1) simultaneous application for driver's license and voter registration,[4] (2) mail application for voter registration,[5] and (3) in person application at designated government agencies, including public assistance agencies and agencies that provide services to people with disabilities.[6]

### B. The Amended Complaint

Plaintiff contends that the NVRA, by forcing States to act as agents for the federal government, suffers from essentially the same Constitutional flaws that led the Supreme Court to strike down the Brady Handgun Violence Prevention Act[7] in *Printz v. United States*[8] and the Low–Level Radioactive Waste Policy Amendments Act of 1985[9] in *New York v. United States*.[10] He argues that the manner in which the NVRA, "delegates the power to appoint chief State elections officials violates Article II of the United States Constitution."[11] Assuming *arguendo* that he

---

1. 42 U.S.C. § 1973gg, *et seq.*

2. Plaintiff was identified in the complaint by a pseudonym. Defendants moved to dismiss on that ground as well as the grounds described in the text. The Court granted the motion on the ground that the complaint did not comply with FED. R. CIV. P. 10(a) but granted leave to file an amended complaint properly identifying the plaintiff. Plaintiff then filed an amended complaint, and the former motion was deemed applicable to the amended pleading.

3. The NVRA covers 44 states and the District of Columbia. It does not apply to the five states that have election day voter registration for elections for federal office and the one state which does not have any voter registration requirement for elections for federal office. 42 U.S.C. § 1973gg–2(b). The Act applies in New York. *See* N.Y. ELECT. LAW § 5–210, subd. 5 (McKinney 1998).

4. 42 U.S.C. § 1973gg–2(a)(1).

5. *Id.* § 1973gg–2(a)(2).

6. *Id.* § 1973gg–2(a)(3)(B).

7. Pub.L. 103–159, 107 Stat. 1536.

8. 521 U.S. 898, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997).

9. 42 U.S.C. § 2021b *et seq.*

10. 505 U.S. 144, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992).

11. Am. Cpt. ¶ 4.

is right, the question remains, "What's it to you?" And the amended complaint proposes only this answer:

"As a result of the enforcement of the Act, insofar as it requires the State of New York to provide voter registration materials in those places specified in the Act, more individuals vote in elections for state, local, and federal office in the State of New York than would otherwise be so, causing the weight of Plaintiff's vote to have been diluted and to continue to be diluted." [12]

## II

"[T]he threshold question in every federal case, determining the power of the court to entertain the suit," is whether the plaintiff has standing.[13]

The "core component" of the standing requirement derives from the Article III definition of the judicial power, which extends only to "cases and controversies." [14] It requires that a plaintiff establish (1) "injury in fact," (2) a "causal connection" between the alleged injury and the challenged act, and (3) that the injury "likely" would be "redressed by a favorable decision." [15]

This case is substantially similar to *Amalfitano v. United States*, where the Court of Appeals affirmed Judge Wood's dismissal on standing grounds of another challenge to the NVRA brought by the same attorney.[16] While the asserted injuries in the two cases differ, the reasoning of *Amalfitano* requires the same result here.

In *Amalfitano*, the plaintiff claimed that the existence of the NVRA made efforts by him to persuade the New York legislature to repeal the state legislation enacted to comply with the federal statute futile. Judge Wood held that he lacked standing on two independent grounds. First, he had failed to establish concrete harm, as the state was not bound by the NVRA, could repeal the state statute, or itself could challenge the federal legislation.[17] Second, he alleged only "generalized and abstract grievances that affect large numbers of Americans alike" and thus did "not establish that he personally has suffered the alleged injury." [18]

Here, plaintiff proceeds on a different theory, claiming that his vote is diluted because the NVRA results in more people registering to vote than otherwise would be the case. But at least the first of the points made by Judge Wood, and adopted by the Court of Appeals, is equally applicable here.[19]

12. Am. Cpt. ¶ 5. Plaintiff's complaint does not bring him under the citizen suit provision of the NVRA, which provides that an "aggrieved person" may bring suit for alleged violations of the act. 42 U.S.C. § 1973gg–9.

13. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

14. U.S. Const., Art. III.

15. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

16. No. 00 Civ. 3229, 2001 WL 103437 (S.D.N.Y. Feb.7, 2001), *aff'd substantially for reasons given below*, 2001 WL 1268215 (2d Cir. Oct.16, 2001), *cert. denied*, 536 U.S. 939, 122 S.Ct. 2620, 153 L.Ed.2d 803 (2002).

17. 2001 WL 103437, at *2.

18. *Id.*

19. Plaintiff relies on *Dep't of Commerce v. United States House of Representatives*, 525 U.S. 316, 119 S.Ct. 765, 142 L.Ed.2d 797 (1999), and other cases, for the proposition that vote dilution is sufficient to establish standing. Those cases dealt with apportionment and redistricting, which have a direct impact on the relative weight of the votes of individuals from different districts. Registration, in and of itself, however, has no effect on the relative weight of votes of individuals within the affected districts or states. What ultimately matters is how many people actually vote. The apportionment and redistricting cases therefore are not persuasive here because they involved plaintiffs whose alleged

New York is not obliged to adhere to the requirements of the NVRA for the reasons given by Judge Wood. Indeed, if New York simply adopted election day registration for elections for federal office, it would be entirely free of the NVRA just as are five other states.[20] Accordingly, just as the plaintiff in *Amalfitano*, this plaintiff has not alleged any concrete harm.

The fact that Kalsson claims that his vote has been diluted does not alter the result. Even if that were so, and even if such an injury in other circumstances might suffice, any dilution that he suffers is the result of New York's decision to maintain a voter registration system that brings it under the NVRA, not the NVRA itself.

### III

Accordingly, the plaintiff lacks standing. Defendants' motion to dismiss the action for lack of subject matter jurisdiction is granted. The Clerk of Court shall close the case.

SO ORDERED.

injuries were considerably more direct and concrete.

**20.** *See* 42 U.S.C. § 1973–gg2(b).